UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LAWRENCE MENDOZA,                          :
                         Plaintiff,        :
                                           :          **OPINION AND ORDER**
v.                                         :
                                           :          14 CV 3231 (VB)
PO BRIAN MCLEAN and PO BRIAN               :
HOLLIFIELD,                                :
                         Defendants.       :
-----------------------------------------------------------x

Briccetti, J.:

Plaintiff Lawrence Mendoza brings this Section 1983 action against defendant police

officers Brian McLean and Brian Hollifield, alleging they used excessive force when they

arrested him on June 19, 2012.

Before the Court is defendant Hollifield's motion for summary judgment.  (Doc. #57).

For the reasons set forth below, defendant's motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

The parties have submitted briefs, statements of fact ("SOF"), and affirmations ("Aff.")

with supporting exhibits, which reflect the following factual background.

On June 19, 2012, plaintiff stole several items from a ShopRite supermarket in New

Windsor, New York.  Three ShopRite employees observed plaintiff on the store video camera

surveillance system, followed him out of the store, and tried to approach him in the parking lot.

Plaintiff fled into a nearby wooded area and hid.  One of the ShopRite employees called the New

Windsor Police.  Officer Hollifield was the first officer to arrive on the scene.  He began looking

for plaintiff in the woods.  Five to seven minutes later, other police officers, including Officers

Vasta and Ragni arrived and set up a perimeter.  Officer McLean arrived ten to fifteen minutes

after that with a police dog, K9 Rommel.  Eventually, the police officers located plaintiff.  With assistance from Officer Vasta, Officer Hollifield handcuffed plaintiff.  Officers Hollifield and Vasta then escorted plaintiff out of the woods and transported him to the New Windsor Police Department.

Plaintiff alleges during this incident, Officer Hollifield "kicked and struck" him and Officer McLean "used a police dog to bite [him] repeatedly," while he was "on all fours," "stuck in a thorn bush."  (Second Amended Complaint ("SAC") at ¶ 8, Burke Aff. Ex. M, Cobb Aff. Ex. 2 ("Mendoza Dep.") at 65-67).

A witness, who may also be an acquaintance of plaintiff,[1] Raymond Stalley, testified at his deposition that he observed the incident.  He said he "saw [plaintiff] was getting beat up, and the dogs were sicced on him."  (Cobb Aff. Ex. 4 at 45).  When asked what he saw the police officers doing, Stalley responded "[t]he one was kicking him and the other one sicced the dog on him."  (Id. at 49).   He also said the officers were wearing "dark police uniforms."  (Id.).

Plaintiff alleges he suffered "serious injuries to his arms, head, mouth, and nose," and as a result, he has "permanent physical disability, and serious and permanent psychological and emotional injuries."  (SAC at ¶ 9-10).  An Orange County Correctional Facility "Intake Medical Screening" record notes several "objective physical findings" on plaintiff, including "numerous abrasions, lacerations," "upper lip swollen," "face swollen," and "scratches on back of head." (Cobb Aff. Ex. 16).

---

[1]     Mr. Stalley testified he knew plaintiff before the incident, and that plaintiff had lived with him and his girlfriend for "about 2 weeks" sometime before the alleged assault.  (Torre Aff. Ex. F at 32-33).  Plaintiff, on the other hand, testified he did not know Mr. Stalley prior to the ShopRite incident.

On April 17, 2014, plaintiff filed his original complaint, naming as defendants the Town of New Windsor, Officers McLean, Ragni, and Vasta, ShopRite Supermarkets, Inc., certain ShopRite employees, and unknown defendants 1-6.  (Doc. #2).  After a status conference on June 15, 2015, the Court issued an Order in which it sua sponte granted plaintiff leave to amend his complaint, and memorialized the parties' agreement made at the conference that the amended complaint would add Officer Hollifield as a defendant, and would terminate defendants the Town of New Windsor, Officers Ragni and Vasta, ShopRite and the named ShopRite employees. (Doc. #32).

On June 19, 2015, plaintiff filed an amended complaint, but it was stricken by the Court for failure to comply with the Court's June 16, 2016, Order.  (Docs. ##43, 45).  On July 17, 2015, plaintiff filed a second amended complaint ("SAC") that complied with the Court's Orders.  (Doc. #51).  On July 31, 2015, Officers McLean and Hollifield answered the complaint. (Doc. #53).  On October 16, 2016, Officer Hollifield filed the instant motion for summary judgment.  (Doc. #57).

## DISCUSSION

I.    Summary Judgment Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See id.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial.  Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.     Officer Hollifield's Personal Involvement in the Excessive Use of Force

Officer Hollifield argues he is entitled to summary judgment because he was not personally involved in the alleged excessive use of force.

Although it is a close call, the Court concludes there are questions of fact regarding Officer Hollifield's involvement in the alleged assault that preclude summary judgment.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) (internal citations omitted); see also Espada v. Schneider, 522 F. Supp. 2d 544, 555 (S.D.N.Y. 2007) ("Personal involvement for the purposes of a § 1983 excessive force claim can be shown where a police officer directly participates in [the use of force], or was present during the [incident] with reasonable opportunity to intercede on plaintiff's behalf yet failed to do so.").

Plaintiff alleges Officer Hollifield "physically assaulted" and "kicked and struck plaintiff."  (SAC at ¶ 8).

Officer Hollifield argues plaintiff's allegations are undermined by plaintiff's own testimony that he thought it was a ShopRite employee, not a police officer, who assaulted him. For example, plaintiff testified his assailant "wasn't dressed like a cop."  (Mendoza Dep. at 175). He also apparently misidentified Officer Hollifield in a photograph.  (Torre Aff. Exs. H, I).

However, other evidence in the record suggests Officer Hollifield may have used excessive force against plaintiff, thus creating issues of fact for a jury to resolve.

First, it is undisputed Officer Hollifield was one of the first police officers to reach plaintiff at the scene and that he handcuffed plaintiff. (Def. SOF ¶¶ 21, 39-41). Plaintiff testified he was "on all fours" and "stuck in a thorn bush" – and therefore not resisting arrest – when he was assaulted. (SAC at ¶ 8; Mendoza Dep. at 65-67; Cobb Aff. Ex. 12 ("Mendoza Aff.") at ¶ 2). Officer Vasta, who was the other officer who assisted in handcuffing on plaintiff, testified "both" he and Officer Hollifield "force[d] [plaintiff's] hands from underneath him to make the arrest." (Burke Aff. Ex. K at 24). Plaintiff testified he remembered Officer Vasta, and Vasta was not the one who kicked and struck plaintiff. In addition, medical records indicate plaintiff suffered "numerous abrasions, lacerations," "upper lip swollen," "face swollen," and "scratches on back of head." (Cobb Aff. Ex. 16). Based on this evidence, a reasonable jury could conclude the "force" used by Officer Hollifield to arrest plaintiff was excessive.

Second, although plaintiff himself testified he thought a ShopRite employee had assaulted him, the testimony of Officer McLean and several ShopRite employees suggests that only police officers – no ShopRite employees – were in the woods at the time of the alleged assault. (Cobb Aff. Exs. 9 at 68; 13 at 28; 14 at 19; Burke Aff. Ex. P at 11). Officer Hollifield testified there was a ShopRite employee in the woods, but he was wearing "lighter khakis and a lighter-colored polo," which does not match the plaintiff's description of the clothing worn by the person who kicked him. (Torre Aff. Ex. E at 30-31).

Third, Officer Hollifield fits the albeit vague description given by plaintiff at his deposition of a "[t]all white guy" in "dark" or "black" clothing. (Mendoza Dep. at 67-68, 174-75). However, plaintiff also testified the person who assaulted him "wasn't dressed like a cop" (Mendoza Dep. at 175), and it is undisputed Officer Hollifield was wearing his patrol uniform at the time of the arrest. Nevertheless, there is admissible evidence that would suggest plaintiff's

memory may be faulty in this regard.  For one, plaintiff testified he was "inebriated" at the time

of the arrest, and he was "on all fours" on the ground when he was assaulted.  (Mendoza Dep. at

58, 67, 69).  A reasonable jury could conclude his inebriated state affected plaintiff's

recollection, and that his position on the ground did not afford him a good view of who was

kicking him.  Moreover, plaintiff's testimony shows equivocation with respect to who allegedly

assaulted him.  For example, he said he "thought" or "believed" the person who assaulted him

was a ShopRite security guard, and he "d[id]n't think" it was police officer.  (Mendoza Dep. at

67, 69, 77, 180).  A reasonable jury could weigh this countervailing evidence and decide plaintiff

was mistaken when he testified he did not think it was a police officer who "stomp[ed] him out."

(Mendoza Dep. at 67).

    Moreover, a witness, Raymond Stalley, testified he observed the alleged assault, and it

was carried out by police officers who appeared to be wearing police uniforms.  (Cobb Aff. Ex. 4

at 49).   Although this testimony contradicts plaintiff's deposition testimony, it is for a jury to

decide whether to credit it over plaintiff's testimony, or vice versa.  See Figueroa v. Mazza, 2016

WL 3126772, at *12 (2d Cir. June 3, 2016) ("A party that admits on the witness stand a fact

damaging to his case is ordinarily free to contradict that fact through the testimony of other

witnesses and argue that their testimony should be believed over his own.  Such an argument

might cut no ice with the finder of fact, but the matter lies squarely in the jury's province.")

    Finally, plaintiff's sworn affidavit unambiguously states, "[a] man I believe was PO

Hollifield was kicking and punching me in the face and I never resisted arrest."  (Mendoza Aff.

¶ 2).  Although "a party may not create an issue of fact by submitting an affidavit in opposition

to a summary judgment motion that contradicts the affiant's previous deposition testimony,"

Bickerstaff v. Vassar College, 196 F.3d 435, 455 (2d Cir. 1999) (internal quotations omitted), the

affidavit does not "create" an issue of fact here because the issue of fact exists based on other evidence and testimony.  Moreover, the affidavit does not directly contradict plaintiff's deposition testimony, because, as mentioned, that testimony suggested he lacked certainty as to who assaulted him.  A jury may well view with some skepticism his clarity on this point now, but it is for the jury to evaluate his credibility in light of all the evidence.

In sum, there is a genuine issue of material fact regarding whether Officer Hollifield used excessive force when he arrested plaintiff.  Although hardly overwhelming, there is more than merely colorable evidence suggesting Officer Hollifield was directly involved in the alleged assault.  Under these circumstances, summary judgment is not appropriate.

III.   Officer Hollifield's Failure to Intervene in the Excessive Use of Force

Officer Hollifield similarly argues he is entitled to summary judgment on any theory that he failed to intervene in the alleged excessive use of force by others.

This argument also fails.

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence, and a police officer is liable for failing to intercede when excessive force is being used when there was a realistic opportunity to intervene to prevent the harm from occurring."  Simcoe v. Gray, 577 Fed. Appx. 38, 40 (2d Cir. 2014) (internal citations and quotations omitted).

Plaintiff alleges Officer Hollifield is further liable for "failing to intervene while plaintiff's Fourth Amendment rights were being violated."  (SAC ¶ 13).  Although it is not clearly spelled out, the Court understands plaintiff to be alleging Officer Hollifield failed to

intervene in his apprehension by Officer McLean with the assistance of the police dog, K9 Rommel.[2]

A reasonable jury could find Officer Hollifield failed to intervene in the apprehension by Officer McLean, via K9 Rommel.  Plaintiff's testimony and sworn affidavit, if believed, show: (i) he was assaulted by Officer Hollifield before the dog was sicced on him (Mendoza Dep. at 67-68, 70) – thus placing Officer Hollifield nearby when the dog bit plaintiff, and giving Officer Hollifield an opportunity to intervene in the dog apprehension; and (ii) the dog was ordered to attack plaintiff when he was not resisting arrest.

Finally, although it is unclear how long the incident involving K9 Rommel lasted, the evidence suggests it was long enough for another police officer to have intervened.  Specifically, Officer McLean's narrative in the police report states "K9 Rommel apprehended the suspect by biting him on the upper right arm," and "continued to hold" plaintiff "on the right arm until [he] rolled over on his arm in an attempt to get away from K9 [R]ommel," at which point "K9 Rommel let go of [plaintiff's] right arm and bit [his] left arm."  (Burke Aff. Ex. D).  The report further states, "K9 Rommel kept the suspect detained until responding officers arrived and secured the suspect."  (Id.).  In addition, when asked at his deposition how long the "struggle" between plaintiff and K9 Rommel lasted, Officer McLean stated, "a minute or 2."  (Burke Aff. Ex. J at 62).  See Figueroa v. Mazza, 2016 WL 3126772, at *13 (2d Cir. June 3, 2016)

---

[2]    Plaintiff essentially alleges two separate incidents involving excessive force: (i) when Officer Hollifield "kicked and struck" him; and (ii) when Officer McLean "used a police dog to bite [him] repeatedly."  (SAC ¶ 8).  Because plaintiff alleges Officer Hollifield, and no one else, was directly involved in the first incident, a failure to intervene claim cannot lie against him with respect to that incident.  See Cuellar v. Love, 2014 WL 1486458, at *8 (S.D.N.Y. Apr. 11, 2014) (when a law enforcement officer "is a direct participant in the allegedly excessive use of force, the failure to intervene theory of liability is inapplicable").

(concluding that "even assuming that the assault lasted less than twenty seconds" the failure to intervene claim was "for the jury to decide").

On this record, although it is again a close call, a reasonable jury could conclude Officer Hollifield should have perceived the use of force by Officer McLean via K9 Rommel was excessive, and that Officer Hollifield had the opportunity and sufficient time to stop it, yet he allowed it to continue.

Accordingly, summary judgment on plaintiff's failure to intervene claim is denied.

IV.   <u>De Minimis Injuries</u>

Officer Hollifield next argues he is entitled to summary judgment on plaintiff's excessive force claim because plaintiff's injuries were <u>de minimis</u>.

When there is probable cause to arrest, and the injury resulting from alleged excessive force is <u>de minimis</u>, the excessive force claim is typically dismissed.  <u>See</u>, <u>e.g.</u>, <u>Smith v. City of New York</u>, 2010 WL 3397683, at *10 (S.D.N.Y. Aug. 27, 2010).

Here, however, if plaintiff's allegations and testimony are to be believed, a reasonable jury could conclude plaintiff's injuries are not <u>de minimis</u>.  Plaintiff testified that because of the dog bites, he has a "permanent scar, on [his] muscles," and that it is "hard for [him] to write, to draw, to lift weights."  (Mendoza Dep. at 77-78).  Plaintiff attributes additional injuries to the alleged assault by Officer Hollifield, which are supported by the evidence.  Specifically, the "Intake Medical Screening" record notes several "objective physical findings" on plaintiff, including "numerous abrasions, lacerations," "upper lip swollen," "face swollen," and "scratches on back of head."  (Cobb Aff. Ex. 16).

Accordingly, summary judgment on the basis of <u>de minimis</u> injuries is unwarranted.

V.    <u>Qualified Immunity</u>

Finally, the Court must address whether Officer Hollifield's actions are protected by qualified immunity.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law."  <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).  A qualified immunity defense is established where "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law."  <u>Tierney v. Davidson</u>, 133 F.3d 189, 196 (2d Cir. 1998).

The doctrine of qualified immunity recognizes that "reasonable mistakes can be made as to the legal constraints on particular police conduct."  <u>Saucier v. Katz</u>, 533 U.S. 194, 205 (2001).  Qualified immunity applies if the officer's mistake as to what the law requires is reasonable.  <u>Id</u>.  It does not apply if, on an objective basis, it is obvious no reasonably competent officer would have taken the actions of the alleged violation.  <u>Malley v. Briggs</u>, 475 U.S. at 341.

Here, plaintiff alleges Officer Hollifield "kicked and struck" him when he was not resisting arrest.  (SAC ¶ 8; Mendoza Dep. 65-67; Mendoza Aff. ¶ 2).  Were a jury to credit those allegations, it could reasonably conclude (i) Officer Hollifield violated plaintiff's Fourth Amendment right to be free from excessive force, and (ii) it was not objectively reasonably for him to have done so.  Accordingly, summary judgment on the issue of qualified immunity is not appropriate.

**CONCLUSION**

Defendant Hollifield's motion for summary judgment is DENIED.

All counsel are directed to appear at a status conference on July 27, 2016, at 9:15 a.m., at which time the Court will set a trial date and a schedule for pretrial submissions.

By July 25, 2016, the parties shall submit a Joint Pretrial Order in accordance with the Court's Individual Practices.

The Clerk is instructed to terminate the motion.  (Doc. #57).

Dated:  June 23, 2016
     White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge